**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>5757 NORTH SHERIDAN ROAD CONDOMINIUM ASSOCIATION, an Illinois Corporation,  )<br><br>Defendant.  ) | Case No. 08 CV 1910<br><br>Judge Kendall<br><br>Magistrate Judge Brown |

**ANSWER TO COMPLAINT**

Defendant, 5757 North Sheridan Road Condominium Association, by and through its attorneys, David Sugar and Jason B. Hirsh, Arnstein & Lehr LLP, *of counsel*, answers Plaintiffs' complaint as follows:

1.   This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 11/15.

**ANSWER:**   Defendant admits the allegations contained in Paragraph No. 1.

2.   Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e) (2).  Section 502(e) (2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

8084735.1

**ANSWER:**   Defendant admits the allegations contained in Paragraph No. 2.

3.   The TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO, 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Teamsters Local Union No. 727 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the ten-as and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:**   Defendant admits there is a collective bargaining agreement with Plaintiffs.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph No. 3 and therefore denies them.

4.   The Funds offices are located at 5940 West Montrose Avenue, Chicago, Illinois 60634, and the Funds are administered in the Northern District of Illinois.

**ANSWER:**   Defendant admits that the funds office is located at 5940 West Montrose Avenue, Chicago, Illinois 60634.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph No. 4 and therefore denies them.

5.   As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreements.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph No. 5 and therefore denies them.

   a.

  6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 5757 North Sheridan Road, Chicago, IL 60660.

  **ANSWER:** Defendant denies that it is engaged in an industry affecting commerce. Defendant admits that its principal place of business at 5757 North Sheridan Road, Chicago, IL 60660.

  7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

  **ANSWER:** Defendant admits that it has employed and does employ persons represented by Plaintiffs for the purpose of collective bargaining. Defendant lacks sufficient knowledge or information to determine which Collective Bargaining Agreement is referred to herein and is unable to form a belief as to the truth of the remaining allegations contained in Paragraph No. 7 and therefore denies them.

  8. Plaintiffs are advised and believe that Defendant has failed to submit accurate contribution reports and the required payments thereon to the Funds, pursuant to the terms of the collective bargaining agreement by which it is bound, all in violation of its contractual obligations wider applicable federal statutes.

  **ANSWER:** Defendant denies the allegations contained in Paragraph No. 8.

  9. That Defendant is delinquent to the Funds for the period of April 1, 2001, through May 31, 2006, in the amount of $30,569.39, as determined by the Fund's Auditors.

  **ANSWER:** Defendant denies the allegations contained in Paragraph No. 9.

  10. Defendant's failure to pay is a violation of the collective bargaining agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these

provisions pursuant to Section 502 (a)(3), (b)(ii), and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 183(a).

**ANSWER:**    Defendant denies the allegations contained in Paragraph No. 10.

11.    That from May 1, 2006, through the current date, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant.

**ANSWER:**    Defendant denies the allegations contained in Paragraph No. 11.

12.    Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period May 1, 2006, through the present date.

**ANSWER:**    Defendant admits the allegations contained in Paragraph No. 12.

13.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER:**    Defendant denies the allegations contained in Paragraph No. 13.

> 5757 NORTH SHERIDAN ROAD
> CONDOMINIUM ASSOCIATION
>
> By: s/Jason B. Hirsh
> One of its Attorneys

David Sugar, ARDC No. 2765489
Jason B. Hirsh, ARDC No. 6283094
**Arnstein & Lehr LLP**
120 S. Riverside Plaza
Chicago, IL 60606
(312) 876-7100
Atty ID: 25188

8084735.1